**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-23217-LFL

LESLINE ANGLADE-DORLEANS,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,

      Defendant.

_____/

**ORDER REGARDING**
**MAGISTRATE JUDGE JURISDICTION**

      The undersigned United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. A Magistrate Judge may conduct all such proceedings in a civil action, if all parties consent.[1] Any party may withhold consent without any adverse consequences whatsoever.

      If all parties consent to have the case handled by a U.S. Magistrate Judge, then the Undersigned will enter all orders, preside over any trial, and render a final decision and judgment in due course. Any appeal of this judgment must be taken directly to the United States Court of Appeals for the Eleventh Circuit.

---

[1] *See* Federal Rule of Civil Procedure Rule 73(a) ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial."); 28 U.S.C. § 636(c)(1) ("Upon consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.").

1

Any party may withhold consent, or opt out of magistrate judge consent jurisdiction, by filing a motion for case reassignment within the deadline I have set below.[2] In the event that a motion for case reassignment is filed, a United States District Judge will be assigned to preside over this case (including any trial) and enter any dispositive order and final judgment. Following reassignment to a United States District Judge, the presiding District Judge may refer matters in this case to me, and I will enter orders and/or report and recommendations on any referred matters. A model Motion for Case Reassignment is attached to this Order as Exhibit 1.[3]

A motion for case reassignment must be filed no later than **FOURTEEN DAYS** after the Defendant has appeared. A party who continues to file documents in the case after that date without filing a motion for case reassignment shall be deemed to have consented to Magistrate Judge jurisdiction over all aspects of the litigation, including any trial and the entry of a dispositive order and final judgment. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after they ha[ve] been told of their right to be tried by a district judge").

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of August, 2025.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* Administrative Order 2025-11 ("Any party who objects to the assignment of a Magistrate Judge as the presider may opt out by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge.").

[3] The motion does not need to be supported by a memorandum of law and does not require a Local Rule 7.1 conferral certification.